<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GIOVANNY ARAQUE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 22-3704 (JMV) (JBC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| HUDSON BOARD OF FREEHOLDERS, et al., | : | |
| | : | |
| Defendants. | : | |

**VAZQUEZ, District Judge:**

This matter comes before the Court by way of Plaintiff's Amended Complaint (hereinafter "Complaint"), raising claims pursuant to 42 U.S.C. § 1983. (D.E. 14.) The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

Plaintiff is a pretrial detainee and names the following as Defendants: (1) the Hudson County Board of Freeholders; (2) social worker Ms. Butler; (3) Warden Oscar Aviles; and (4) medical services provider Well Path. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With regard to Defendant Butler, a social worker, the Court construes the Complaint to allege that she denied Plaintiff's request to attend his wife's funeral in violation of the Due Process

Clause of the Fourteenth Amendment. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must demonstrate that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *R.B. v. Westmoreland Cnty.*, 526 F. App'x 181, 185 (3d Cir. 2013) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006)). Generally, due process requires at least "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "A prisoner's procedural due process rights are violated when he is deprived of a legally cognizable liberty interest, which occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Okey v. Strebig,* 531 F. App'x 212, 215 (3d Cir. 2013) (per curiam) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Here, Plaintiff's allegation that Defendant Butler denied him "the opportunity to attend his [wife's] funeral does not rise to the level of a constitutional" violation. *E.g.*, *Ramziddin v. Plousis*, No. 07-5868, 2008 WL 906341, at *4 (D.N.J. Apr. 1, 2008). A pretrial detainee does not have a liberty interest in attending a family member's funeral, as the denial of such an opportunity does not impose an atypical or significant hardship on the inmate in relation to the ordinary incidents of jail life. *Mills v. Walker*, 2005 WL 2807171 at *5 (D.N.J. Oct. 25, 2005) (holding that there is no constitutionally protected liberty interest in the attendance of a funeral for either a pretrial detainee or convicted prisoner); *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D.N.Y. 1991) (holding that there is no federal right recognized under § 1983 to attend a family member's funeral); *cf. Ramziddin*, 2008 WL 906341, at *4 (holding the same in the context of a convicted prisoner);

*Dumas v. Pennsylvania Department of Corrections*, 2007 WL 1276908 at *8 (W.D. Pa. Apr. 27, 2007); *Fisher v. McBride,* 2007 WL 120079 at *5 (D. Del. Jan. 12, 2007) (same).

As Plaintiff had no liberty interest in attending his wife's funeral, he cannot state a procedural due process claim under the Fourteenth Amendment. Consequently, the Court will dismiss with prejudice Plaintiff's Fourteenth Amendment claim against Defendant Butler. The remainder of the Complaint may proceed.[1] Accordingly,

IT IS, on this **28th** day of April 2023,

**ORDERED** that Plaintiff's Fourteenth Amendment claim against Defendant Butler is DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that after Plaintiff sends the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (D.E. 1), summons, and this Opinion and Order upon the remaining Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

JOHN MICHAEL VAZQUEZ
United States District Judge

---

[1] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as Defendants see fit. Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.