UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIOVANNY ARAQUE, | : |
| Plaintiff, | : Civil Action No. 22-3704 (MEF) |
| v. | : |
| HUDSON COUNTY BOARD OF FREEHOLDERS, et al., | : OPINION AND ORDER |
| Defendants. | : |

**THIS MATTER** comes before the Court on a motion by *pro se* Plaintiff Giovanny Araque for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 34. The motion is unopposed. For the reasons set forth below, Plaintiff's motion for the appointment of *pro bono* counsel [Dkt. No. 34] is **DENIED**.

Plaintiff, a prisoner at Hudson County Correctional Center ("HCCC"), asserts Eighth Amendment claims against Defendants pursuant to 42 U.S.C. § 1983, alleging Defendants failed to provide adequate conditions of confinement, failed to provide adequate medical care, and engaged in overall gross negligence and deliberate indifference of his constitutional rights at HCCC. *See* Dkt. No. 14. Plaintiff filed his initial Complaint on June 9, 2022 naming the following as Defendants: (1) the Hudson County Board of Freeholders; (2) social worker Ms. Butler; (3) Warden Oscar Aviles; and (4) medical services provider Well Path. *See* Dkt. No. 1. Defendant Well Path provided medical services at HCCC during the time period alleged in Plaintiff's Complaint.

Plaintiff filed an application to proceed *in forma pauperis* in this action. *See* Dkt. No. 3. On August 29, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* and

allowed Plaintiff to submit an Amended Complaint within forty-five (45) days of the Order. *See* Dkt. No. 6. Plaintiff did not file an Amended Complaint within the forty-five day period, but did file a letter requesting the appointment of *pro bono* counsel on October 3, 2022. Dkt. No. 9. The Court administratively terminated Plaintiff's application [Dkt. No. 13], and once again gave Plaintiff an opportunity to file an Amended Complaint which was filed on January 10, 2023. *See* Dkt. No. 14. Thereafter, the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. As a result of the screening, the Court dismissed Plaintiff's Fourteenth Amendment claim against Defendant Butler for failure to state a claim but otherwise allowed the Amended Complaint to proceed. *See* Dkt. No. 18.

On July 11, 2023, Defendant Well Path filed a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, summary judgment under Federal Rule of Civil Procedure 56(c). *See* Dkt. No. 27. In the meantime, Plaintiff filed the pending motion seeking appointment of *pro bono* counsel. *See* Dkt. No. 34. Well Path's motion for summary judgment was denied as premature, but the Court allowed the motion to dismiss to proceed and permitted Plaintiff sixty (60) days to respond. *See* Dkt. No. 37. Though not entered on the docket, it appears Plaintiff submitted a response on or about April 4, 2024, which Defendants attached to their reply brief. *See* Dkt. No. 40 at Exhibit A. Due to the pending motion to dismiss, formal discovery has not begun. However, on March 27, 2024, Plaintiff filed a motion to compel the production of documents which is also pending before the Court. *See* Dkt. No. 39.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The

2

appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Further, appointment of counsel may be made at any point in the litigation, including *sua sponte* by the court. *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156). Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's Amended Complaint [Dkt. No. 14] was screened by the Court under 28 U.S.C. § 1915(e)(2)(B) and allowed to proceed against all Defendants except for Defendant Ms. Butler. Thus, for the purposes of the present motion, the Court will assume that Plaintiff's claims have at least some merit. The Court does note, however, that regardless of whether Plaintiff's claims have

3

merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham*'s test particularly difficult to evaluate." *Chatterjee v. Phila. Fed'n of Teachers,* No. 99-cv-4122, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham*, which concerned a directed verdict ruling, and *Tabron*, which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture).

The Court now turns to the factors set forth in *Tabron*. When considering a plaintiff's ability to present a case, courts generally consider "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. In addition, "courts must consider whether the plaintiff has access to necessary resources." *Parham*, 126 F.3d at 459 (citing *Tabron*, 6 F.3d at 156). Here, Plaintiff appears to be able to present his case. Plaintiff's filings with the Court thus far reflect literacy, access to necessary resources, and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, Amended Complaint, and an application to proceed *in forma pauperis*. Additionally, he has filed multiple letters and motions including the pending motions for the appointment of *pro bono* counsel [Dkt. No. 34] and to compel production of documents [Dkt. No. 39]. These filings themselves demonstrate that Plaintiff is capable of presenting his case. As such, the first *Tabron* factor weighs against the appointment of counsel.

The second *Tabron* factor requires the Court to consider "the difficulty of the particular legal issues." *Tabron*, 6 F.3d at 156. This factor weighs in favor of the appointment of counsel where the law governing a case is unclear. *Id.* (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). The Third Circuit has held that § 1983 conditions-of-confinement claims are not inherently complex, while § 1983 deliberate indifference medical-needs claims may be in certain

circumstances. *Montgomery*, 294 F.3d at 502. As such, "the difficulty of the legal issues must be considered 'in conjunction with Plaintiff's capacity to present his own case at trial.'" *Montgomery*, 29 F.3d at 503 (quoting *Tabron*, 6 F.3d at 157). Plaintiff claims that the legal issues in this case are "both complexed [sic] and not complexed [sic] in certain ways," [Dkt. No. 34 at p. 3] but has failed to specify which of his claims, if any, present a question of unsettled law. Additionally, Plaintiff does not provide any support for his contention that his claims are complex other than stating he does not sufficiently know federal law or the rules of evidence. *Id.* Plaintiff's constitutional claims are relatively straightforward, and he appears to comprehend the legal issues. In the absence of any specific argument by Plaintiff as to the complexity of his claims, and it appearing to the Court that the legal issues present in this matter do not appear to be particularly complicated, the Court finds that the second factor weighs against Plaintiff.

As to the third factor, the appointment of *pro bono* counsel may be appropriate when a plaintiff's claim requires "extensive discovery and knowledge of complex discovery rules, and when a plaintiff's confinement may prevent him from pursuing his claims." *Archie v. Mercer Cnty Courthouse*, No. 19-cv-20976, 2021 WL 5422289, at *3 (D.N.J. Oct. 26, 2021) (citing *Tabron*, 6 F.3d at 156). "[T]he Third Circuit has stated that where a person is confined to prison and that confinement limits his ability to conduct discovery, great weight will be given to the decision to appoint counsel." *Nadal v. Christie*, No. CIV. 13-5447 RBK, 2013 WL 6331058, at *3 (D.N.J. Dec. 4, 2013) (citing *Montgomery*, 294 F.3d at 503; *Tabron*, 6 F.3d at 156). Here, Plaintiff claims that factual investigations are necessary to look through certain evidence and that he has not received all discovery, even though formal discovery has not begun. Because discovery has not yet begun, it is too early to know whether his incarceration will impact his ability to conduct discovery. *See Nadal*, 2013 WL 6331058, at *3 (stating, where the matter had not progressed to

5

discovery and there was a pending motion to dismiss, that "[e]ven if [p]laintiff must engage in discovery, unless and until he is faced with issues that impede his ability to do so, he cannot show that this factor weighs in favor of requesting pro bono counsel"); *see also Johnson v. Feigley*, No. CV2020358MASJBD, 2024 WL 1051999, at *5 (D.N.J. Mar. 8, 2024). Nevertheless, nothing in Plaintiff's motion alleges that he lacks the ability to conduct a factual investigation without the assistance of counsel. To the contrary, Plaintiff filed a letter with the Court with "supportive evidence" which included detailed alleged facts with specific dates and times, the names of inmates, officers, and individuals, and even procedures regarding HCCC's handling of COVID-19. *See* Dkt. Nos. 35 & 36. Presumably, then, Plaintiff has been able to gain some evidence to this point. Accordingly, this factor does not weigh in favor of appointing counsel at this time. [1]

It is too early in the proceedings to determine the fourth *Tabron* factor, which "will only weigh in favor of the appointment of counsel where the trial is expected to be 'solely a swearing contest' " between witnesses. *Burt v. Hicks*, No. CV2019459NLHSAK, 2021 WL 3207729, at *4 (D.N.J. July 29, 2021) (quoting *Montgomery*, 294 F.3d at 505). Plaintiff asserts that "credibility determinations are highly likely" because Defendant Well Path's motion to dismiss contains "many fabrications," "documents handled in 'bad faith,' " and there are many individuals that have knowledge in support of Plaintiff's claim. Dkt. No. 34 at p. 4. However, at this early stage his argument is speculation. *See Burt*, 2021 WL 3207729, at *4 (determining the fourth factor to be neutral because the court could not answer whether the case would turn on credibility at that time). At this time, the Court cannot answer whether credibility is at issue or whether the case will be "solely a swearing contest." Therefore, the Court finds the fourth *Tabron* factor does not weigh in favor of appointing counsel at this time.

---

[1] Since formal discovery has not begun in this matter, Plaintiff's claims that he has not received certain discovery is not compelling and his motion to compel discovery is premature.

The fifth factor is the extent to which expert testimony may be required. Plaintiff states that expert testimony will be required on policies related to COVID-19. Dkt. No. 34 at p. 4. A plaintiff's mere assertion that he requires expert testimony is generally not sufficient to establish that this factor favors the appointment of counsel. *See Lasko v. Watts*, 373 Fed. Appx. 196, 202 (3d Cir. 2010) ("Our precedent cannot be read as requiring the appointment of counsel in every case in which expert testimony may be warranted."). However, medical deliberate indifference claims under the Eighth Amendment may require expert medical testimony. *Colston v. Corr. Med. Servs.*, 256 F. App'x 551, 553 (3d Cir. 2007) (citing *Montgomery*, 294 F.3d at 503-04). Though expert testimony may not be necessary for all of Plaintiff's claims, being that most of his claims relate to certain aspects of medical deliberate indifference, expert testimony may be warranted for said claims. Accordingly, the fifth *Tabron* factor appears to slightly favor appointment of counsel.

Turning to the sixth factor, Plaintiff was granted the ability to proceed *in forma pauperis*, and there is nothing to indicate that Plaintiff's financial situation has changed. Dkt. No. 5. Moreover, Plaintiff asserts he is indigent and is incarcerated, which supports a finding that Plaintiff appears unable to retain his own counsel. *See* Dkt. No. 34 at p. 4. While the final factor may weigh in Plaintiff's favor, this factor alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of the appointment of counsel").

The Court recognizes that issues may arise throughout the course of this litigation which may raise a further question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the majority

of the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **6th day of May, 2024,**

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel [Dkt. No. 34] is **DENIED WITHOUT PREJUDICE**.

**ORDERED** that Plaintiff's motion to compel the production of documents [Dkt. No. 39] is **DENIED**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**